IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMINE COLLINS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| B O S TEMPORARIES INC. AND GLOBAL ELECTRONIC SERVICES, INC., | |
| Defendants. | |

## **COMPLAINT**

COMES NOW, Plaintiff Jasmine Collins ("Plaintiff" or "Ms. Collins"), by and through undersigned counsel, and files this Complaint against Defendants BOS Temporaries Inc. ("Defendant BOS") and Global Electronic Services, Inc. ("Defendant GES"), (collectively, "Defendants") showing the Court as follows:

## **JURISDICTION AND VENUE**

1.

Plaintiff brings this action for damages and reasonable attorneys' fees for Defendants' violation of her rights under Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e ("Title VII") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant BOS, a staffing company, provided temporary employees, including Plaintiff, to Defendant GES.

6.

During all times relevant hereto, Defendant BOS employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant BOS was therefore an "employer" of Ms. Collins under Title VII in accordance with 42 U.S.C. § 2000e(a).

7.

During all times relevant hereto, Defendant BOS had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant BOS is an "employer" of Ms. Collins under the ADA in accordance with 42 U.S.C. § 12111(5).

8.

Defendant BOS is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant BOS is subject to specific jurisdiction in this Court over the claims asserted herein.

9.

Defendant BOS may be served with process by delivering a copy of the summons and complaint to its registered agent, Nathan D. Carmack, at 455 Epps Bridge Parkway, Suite 200, Athens, GA 30606.

10.

During all times relevant hereto, Defendant GES employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant GES was therefore an "employer" of Ms. Collins under Title VII in accordance with 42 U.S.C. § 2000e(a).

11.

During all times relevant hereto, Defendant GES had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant GES was an "employer" of Ms. Collins under the ADA in accordance with 42 U.S.C. § 12111(5).

12.

Defendant GES is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant GES is subject to specific jurisdiction in this Court over the claims asserted herein.

13.

Defendant GES may be served with process by delivering a copy of the summons and complaint to its registered agent, Shane Postell, at 5325 Palmero Court, Buford, GA 30518.

14.

Defendants BOS and GES are co-employers, acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control over Plaintiff's employment; were an integrated enterprise; or were agent and principal, respectively.

## ADMINISTRATIVE PROCEDURES

15.

Plaintiff timely filed a charge of discrimination against each Defendant with the Equal Employment Opportunity Commission ("EEOC") on October 8, 2021.

16.

The EEOC issued the "Notice of Right to Sue" with respect to Defendant BOS on May 28, 2022, and Defendant GES on June 5, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

17.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue from the EEOC.

18.

All conditions precedent to bringing this action have been completed, satisfied, or waived.

## FACTUAL ALLEGATIONS

19.

Ms. Collins began working for Defendants in early July 2021.

20.

Defendant BOS placed Plaintiff to work at Defendant GES in Buford, GA, where she began on or about July 12, 2021.

21.

The position filled by Plaintiff with Defendant GES was primarily data entry and involved working at a computer updating shipping and receiving information.

22.

On Sunday, July 18, 2021, Ms. Collins was hospitalized.

23.

While at the hospital, Ms. Collins discovered that she was pregnant.

24.

Ms. Collins has a heart condition and a medical history that makes any pregnancy high-risk.

25.

When Ms. Collins was discharged from the hospital on or about Monday, July 19, she sent a text message to her supervisor at GES, Chris Long.

26.

The text stated, "Good morning, this is Jasmine Collins, I just got out of the hospital."  To which Chris responded, "OK."

27.

The text was sent at 5:39 a.m.

28.

Ms. Collins returned to work on Tuesday, July 20, 2021.

29.

Upon her return to work, Ms. Collins notified Stella Elkina, her recruiter with Defendant BOS, and Danielle Peterson, the Business Manager for Defendant GES, of her pregnancy status.

30.

While Plaintiff was on her first break of the day, Ms. Elkina told Ms. Collins that she was off of the GES account due to her pregnancy.

31.

Defendant BOS confirmed that Defendant GES did not want Ms. Collins working there because she was pregnant with a high-risk pregnancy.

32.

There was no reason that Ms. Collins could not have continued performing the position in which she had been training to perform.

33.

Defendant BOS failed to place Ms. Collins elsewhere following the termination.

34.

But for Plaintiff's disability and pregnancy status, she would not have been terminated.

35.

Defendants' alleged reason for Plaintiff's termination is pretext for unlawful discrimination based on Plaintiff's gender (pregnancy) and her physical impairments.  With regard to Plaintiff's disability, Defendant relied on Plaintiff actual impairment, as well as her record of impairment and perception that she was impaired.

36.

As a result of Defendants' unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant, including lost wages and emotional distress.

37.

Defendants shared control and influence over the terms and conditions of the employment for which Plaintiff was hired, including her job duties, supervision, and rate of compensation.

38.

Defendants shared control and influence over the terms and conditions of the employment for which Plaintiff was hired, including supervision and other human resources functions, and rate of compensation.

39.

Defendants had control and influence over the decision to terminate Plaintiff's employment.

40.

Defendants are liable for violating Title VII by the conduct described herein.

41.

Defendants terminated Plaintiff because she had a disability, including a record of a disability and/or because it regarded her as disabled.

42.

But for Plaintiff's disability, she would not have been terminated.

43.

Employees outside of her protected class, i.e., employees who were not pregnant, disabled and/or did not need medical leave as an accommodation, were treated more favorably, i.e., not terminated.

44.

Defendants did not terminate Plaintiff because her disability or request for accommodation presented any actual undue hardship.

## CLAIMS FOR RELIEF

## COUNT ONE:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff repeats and re-alleges paragraphs 19-44 as if set forth fully herein.

46.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of gender.

47.

When it adopted the Pregnancy Discrimination Act, Congress amended Title VII to provide that discrimination on the basis of gender includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions."

48.

At all times relevant, Plaintiff was a member of a protected class.

49.

Plaintiff was qualified to perform her position.

50.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

51.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

53.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

54.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

## COUNT TWO:  PREGNANCY DISCRIMINATION IN VIOLATION OF THE PREGNANCY DISCRIMINATION ACT / TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

55.

Plaintiff repeats and re-alleges paragraphs 19-44 as if set forth fully herein.

56.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment because of her pregnancy constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

57.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

58.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her pregnancy.

59.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made victim of acts that have adversely affected her psychological and physical well-being.

60.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination.

**COUNT THREE:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

61.

Plaintiff repeats and re-alleges paragraphs 19-44 as if set forth fully herein.

62.

In notifying Defendant of her high-risk pregnancy, Plaintiff engaged in protected activity under Title VII.

63.

Defendants' actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful, intentional retaliation in violation of Title VII.

64.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

65.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful retaliation.

## COUNT FOUR:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA, AS AMENDED

66.

Plaintiff repeats and re-alleges paragraphs 19-44 as if set forth fully herein.

67.

Plaintiff has one or more physical impairments that substantially limited one or more major life activities.

68.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

69.

Defendants were aware of Plaintiff's disability.

70.

Defendants regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

71.

Plaintiff has a record of having a disability such that she is a person with a disability within the meaning of the ADA, as amended.

72.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

73.

Defendants terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

74.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

75.

Although Defendants purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

76.

Defendants treated other employees outside Plaintiff's protected class more favorably, in that they were not terminated because of a disability.

77.

Defendants' actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

78.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

79.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

80.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

81.

As a result of Defendants' discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

82.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

83.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

84.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT FIVE:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

85.

Plaintiff repeats and re-alleges paragraphs 19-44 as if set forth fully herein.

86.

Plaintiff had a physical health impairment which limited one or more major life activities.

87.

Plaintiff's physical health impairment is a "disability" within the meaning of the ADA, as amended.

88.

Defendants were aware of Plaintiff's disability.

89.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

90.

Defendants terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

91.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

92.

Defendants retaliated against Plaintiff by terminating her employment on the basis of her perceived disability (high risk pregnancy).

93.

Defendants terminated Plaintiff's employment within a close temporal proximity to Plaintiff's disclosure of her physical impairment.

94.

Defendants' proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendants' retaliatory motive.

95.

Defendants' retaliatory actions against Plaintiff were in violation of the ADA, as amended.

96.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

97.

As a result of Defendants' retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

98.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

99.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     A declaratory judgment that Defendant has engaged in unlawful

employment practices in violation of the ADA.

(b)     Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant from further unlawful conduct of the

type described herein;

(c)     General damages for mental and emotional suffering caused by

Defendant's misconduct;

(d)     Punitive damages based on Defendant's willful, malicious,

intentional, and deliberate acts, including ratification,

condonation, and approval of said acts;

(e)     Special damages, back-pay, lost benefits and prejudgment

interest thereon;

(f)     All relief available under Title VII;

(g)     Reasonable attorney's fees and expenses of litigation;

(h)     Trial by jury as to all issues so triable;

(i)     All other relief to which she may be entitled.

Respectfully submitted this 29th day of July 2022.

**BARRETT & FARAHANY**

 /s/ *Matthew C. Billips*

Matthew C. Billips

Georgia Bar No. 057110

Ianna O. Richardson

Georgia Bar No. 655153

*Attorneys for Plaintiff Jasmine Collins*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
ianna@justceatwork.com